


By mail no IFP

**ORIGINAL**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Delaware |
|---|---|
| Name (under which you were convicted): Pete Anderson | Docket or Case No.: 05-847 |
| Place of Confinement: Delaware Correction Center | Prisoner No.: 00231240 |
| Petitioner (include the name under which you were convicted) PETE ANDERSON v. | Respondent (authorized person having custody of petitioner) THOMAS L. CARROLL |
| The Attorney General of the State of M. JANE BRADY | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Superior Court, Wilmington, De.

(b) Criminal docket or case number (if you know): 91009594

2. (a) Date of the judgment of conviction (if you know): May 11, 1992

(b) Date of sentencing: July 24, 1992

3. Length of sentence: 30 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Assault 1st and Possession of a deadly weapon during commission of a felony.

6. (a) What was your plea? (Check one)

(1) Not guilty ☐ (3) Nolo contendere (no contest) ☐

(2) Guilty ☒ (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Pled guilty to both charges because A.G. said he would not ask for the maximum for the particular offenses.

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ❑ Judge only X

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ❑ No X

8. Did you appeal from the judgment of conviction?

Yes ❑ No X

9. If you did appeal, answer the following:

(a) Name of court: ______

(b) Docket or case number (if you know): ______

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised: ______

(g) Did you seek further review by a higher state court? Yes ❑ No X

If yes, answer the following:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Result: ______

(4) Date of result (if you know): ______

(5) Citation to the case (if you know): ______

(6) Grounds raised: ______

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ❑ No X

If yes, answer the following:

(1) Docket or case number (if you know): ______

(2) Result: ____________________

(3) Date of result (if you know): ____________________

(4) Citation to the case (if you know): ____________________

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes X No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court- New Castle County

(2) Docket or case number (if you know): 91009594

(3) Date of filing (if you know): October 9, 1992

(4) Nature of the proceeding: Motion for reduction of sentence

(5) Grounds raised: Long standing residence of De.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No X

(7) Result: Denied

(8) Date of result (if you know): July 15, 1993

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Superior Court - New Castle County

(2) Docket or case number (if you know): 91009594(R1)

(3) Date of filing (if you know): October 2, 2001

(4) Nature of the proceeding: Correction of Illegal sentence

(5) Grounds raised: Court abused its discretion when it refused to acknowledge presumptive sentence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: Denied

(8) Date of result (if you know): October 12, 2001

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Superior Court - New Castle County

(2) Docket or case number (if you know): 91009594

(3) Date of filing (if you know): January 11, 2005

(4) Nature of the proceeding: Corretion of Illegal sentence

(5) Grounds raised: The trial court violated the defedant's fundamental due process Constitutional Amendment rights of 5th. & 14th. Amend. rights, when the court chose to deviate from the well established adopted sentencing policy to enhance the sentence of the lesser - included offense of Possession of a deadly weapon during commission of a felony- (PDWDCF).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: ~~Den-ied~~ Denied

(8) Date of result (if you know): January 31, 2005

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☒ No ☐

(3) Third petition: Yes ☒ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Because first petition was MOTION for Reduction of sentence

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Correction of an Illegal Sentence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Court violated petitioner's fundamental Constitutional Amendment Rights to due process, By electing to impose a maximum penalty for two offenses which are undoubtedly "the same", and the court violated policy contract.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Public defender advised petitioner that petitioner could not appeal.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Superior Court Criminal Rule 61

Name and location of the court where the motion or petition was filed: Superior Court New Castle County

Docket or case number (if you know): 91009594

Date of the court's decision: October 2, 1996

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __________

Docket or case number (if you know): __________

Date of the court's decision: __________

Result (attach a copy of the court's opinion or order, if available): __________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: It plainly appeared from the motion for post- conviction relief and record of prior proceedings that the movant was not entitled to relief.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Superior Court Criminal rule 35. Correction of sentence

GROUND TWO: __________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why: ______

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑ No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

______

______

______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: ______

______

______

______

GROUND THREE: ______

______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______

______

______

______

______

______

(b) If you did not exhaust your state remedies on Ground Three, explain why: ______

______

______

______

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: ______

______

______

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ❑ No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ______

GROUND FOUR: ______________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why: ______________

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: ______________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ❑ No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______________

Name and location of the court where the motion or petition was filed: ______________

Docket or case number (if you know): ______________

Date of the court's decision: ______________

Result (attach a copy of the court's opinion or order, if available): ______________

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ______

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☒ No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

District Court of Delaware: Civ.Act.No. 97-316- LON, Petitioner's attorney led him to believe that he would be sentenced to 7 years imprisonment, denied

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: Superior Court - Sussex County

(b) Give the date the other sentence was imposed: February, 1988

(c) Give the length of the other sentence: 15 years

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* Petitioner exercised reasonable diligence from May 27, 2005 in investigating and bringing the exhausted claim before this Court.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Reverse and Remand for Resentencing

or any other relief to which petitioner may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ______________________ (month, date, year).

Executed (signed) on ____________________ (date).

Pete Anderson
Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

I/M Pete Anderson
SBI# 00231240 UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, De.
19801-3570