IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PETER ANDERSON, :
:
      Petitioner, :
:
v. : Civil Action No. 05-847-JJF
:
THOMAS CARROLL, :
Warden, :
:
      Respondent. :

**O R D E R**

At Wilmington this 31 day of January, 2006;

IT IS HEREBY ORDERED that:

1. Petitioner Peter Anderson's Application For A Writ Of Habeas Corpus Filed Pursuant To 28 U.S.C. 2254 is **DISMISSED** and the writ is **DENIED** as second or successive. (D.I. 1.) The instant Application is Petitioner's third habeas challenge to his 1992 conviction. The Court denied Petitioner's first habeas application on the merits,[1] and

---

[1] The Honorable Joseph J. Longobardi denied one claim as procedurally barred and the other claim for raising only a state law issue. See Anderson v. Carroll, Civ. A. No. 97-316-LON, Order (D. Del. July 28, 1997). In accord with other circuits, the Third Circuit views a dismissal for a procedural default as an adjudication on the merits for the purpose of determining whether a subsequent habeas application is successive or second. See Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); Rauso v. Pennsylvania Board of Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted

his second habeas application as second or successive. See Anderson v. Snyder, Civ. A. NO. 97-316-LON, Order (D. Del. July 28, 1997); Anderson v. Carroll, Civ. A. No. 02-1581-JJF, Mem. Order (D. Del. Nov. 4, 2002). Consequently, because Petitioner has filed the instant Application without first obtaining permission from the Court of Appeals for the Third Circuit, the Court does not have jurisdiction to review the Application. See 28 U.S.C. § 2244(b)(1); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

2. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

3. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve a copy of the Application and

---

that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.").

this Order upon: (1) the above-named Warden of the facility in which Petitioner is housed; and (2) the Attorney General for the State of Delaware.

    4.   The Clerk shall also send a copy of this Order to the Petitioner at his address on record.

                                                                      /s/ Joseph J. Farnan, Jr.
                                                  United States District Court